**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 09-2041 VAP(OPx)                           Date:  January 31, 2011

Title:     MICROSOFT CORPORATION, A WASHINGTON CORPORATION -v- PURPLE CHEETAH ENTERPRISES, LLC, A LIMITED LIABILITY COMPANY DOING BUSINESS AS NETZON INTERNET AND THE COMPUTER STORE; AND KEVIN WILSON, AN INDIVIDUAL
==========================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                           None Present
    Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR                       ATTORNEYS PRESENT FOR
PLAINTIFFS:                                              DEFENDANTS:

    None                                                         None

PROCEEDINGS:       MINUTE ORDER ORDERING PLAINTIFF TO SHOW CAUSE (IN CHAMBERS)

    On November 3, 2009, Plaintiff Microsoft Corp. ("Plaintiff") filed its Complaint against Defendants Purple Cheetah Enterprises, LLC, d.b.a. "Netzon Internet and The Computer Store", and Kevin Wilson (collectively, "Defendants").  (Doc. No. 1.)  On February 16, 2010, the Clerk of Court entered default against Defendants.  (Doc. No. 10.)

    On September 2, 2010, the Court granted Plaintiff's motion for default judgment, in part.  (Doc. No. 13.)  Specifically, the Court granted Plaintiff's motion

EDCV 09-2041 VAP(OPx)
MICROSOFT CORPORATION, A WASHINGTON CORPORATION v. PURPLE CHEETAH ENTERPRISES, LLC, A LIMITED LIABILITY COMPANY DOING BUSINESS AS NETZON INTERNET AND THE COMPUTER STORE; AND KEVIN WILSON, AN INDIVIDUAL
MINUTE ORDER of January 31, 2011

with respect to Plaintiff's copyright claim, but denied Plaintiff's motion without prejudice as to Plaintiff's claims for trademark infringement, false designation of origin and false representation, and California common law unfair competition.  (Doc. No. 13 at 7-8.)  The Court also permanently enjoined Defendants from infringing Plaintiff's copyrights, and awarded Plaintiff attorneys' fees.  (See id. at 8.)  Although the Court granted Plaintiff's motion in part, no judgment was entered, and there has been no activity in the case since September 2, 2010.

　　　Accordingly, the Court ORDERS Plaintiff to show cause, in writing, why its copyright claim should not be dismissed for failure to prosecute.  Plaintiff may respond by filing a proposed judgment in light of the Court's September 2, 2010, Order.

　　　Additionally, as the Court denied Plaintiff's motion for default judgment without prejudice as to Plaintiff's claims for trademark infringement, false designation of origin and false representation, and California common law unfair competition, the Court ORDERS Plaintiff to show cause, in writing, why these claims should not be dismissed for Plaintiff's failure to prosecute.  Plaintiff may respond by dismissing these claims, or by filing a renewed motion for default judgment as to these claims.

　　　Plaintiff shall file its responses no later than February 10, 2011.  Failure to file responses will result in the dismissal of Plaintiff's Complaint for failure to prosecute.

　　　**IT IS SO ORDERED.**